1)

United States District Court
Central District of Illinois

11/14/16 (date) by Q (initials)
30 (# of pages)

Robert Bunch # R1A138
    Plaintiff Pro Se
        -V-

16-CV-1343

Wexford Health Services; Dr. Andrew Tilden; Dr. Ojelade, M.D.; Dr. Shicker; John Birkles (med Tech); Randy Pfister; Major Prentice; Lt. White Cotten; C/o Mcocek, Nurse Jane Doe; And S.A. Godinez

### Complaint

Now Comes The Plaintiff; Robert Bunch, Pro Se and As an Layman Humbly For His Complaint Against All The Above named Defendants____; (collectively; The individual Defendants); And State as Follows:

### Nature Of The Case

This is a Civil Rights complaint and is Brought Pursuant To 42 U.S.C. § 1983 To Redress The Violation of the Plaintiffs Rights (1) Under the 8th Amendment to the U.S. constitution to be Free of Cruel & unusual Punishment while incarcerated within the Illinois Department of Corrections (IDOC) And Is seeking Monetary Damages From Each Defendant and his complaint is alleging while incarcerated within IDOC Facilities He were Denied Proper Medical Care In which resulted in Plaintiff being rushed to an outside Hospital For appropriate medical treatment and/or services...

2)                                    PARTIES

1.) Plaintiff, Robert Bunch; Is An inmate who is currently within the Illinois Department of Corrections And is Housed at Pontiac Correctional Center (NAD) (Pontiac)....

2.) Defendant; S.A. Godinez; Is The Former Director of The Department and had overall Responsibility For The Administration of all correctional Facilities within The State. He Has personal knowledge of The Operation of Pontiac. And is being sued in both his individual and official capacity.

3.) Defendant, Wexford Health Services, Inc. Is a corporation Headquartered In Pittsburgh, Pennsylvania; a which Provides Health Services; Including medical treatment Throughout the state (I.D.O.C) by contract.

4.) Defendant Dr. Louis Shicker; Is the medical Director of The Department And as such, has overall responsibility For Providing Health care services to prisoners Throughout I.D.o.C, including medical care and is being sued in both his individual and official capacity.

5.) Defendant, Dr. Andrew Tilden. Is the medical director of Pontiac; He oversees the Health Care Unit at Pontiac which he is responsible for providing medical treatment to Prisoners. And He is sued in Both his individual and official capacity....

6.) Defendant; Dr. Ojelade; Is being sued. He is a physician — Assistant At Pontiac C.C and as much is responsible for providing medical treatment to prisoner's and is sued in both his individual and official capacity.

7.) Defendant, Jane Doe, Is a Registered Nurse; And Is the Health Care unit Administrator and as such is Responsible For The Health care Unit and Assuring All Prisoners of Pontiac recieves Appropriate medical treatment and/or services and she is sued in both her individual and official capacity....

8.) Defendant, John Birkles. Is a Correctional Medical Technician at Pontiac C.C and is responsible for Providing medical Treatment and/or services to prisoners and is being sued in both his individual and official capacity....

9.) Defendant, Lance Whitecotton; Is a correctional Lieutnant of Pontiac C.C and is Responsible For security And Is Being Sued In both his individual and official capacity....

3)

1.) Defendant: ~~[redacted]~~ C/O Mrocek, Is a correctional officer of Pontiac C.C. and Is responsible For Security and is being sued in both his individual and official capacity.

2.) Each named Defendant Have First hand account/Knowledge of the Facts being alleged and are being sued in their individual and official capacity, And for acting under Color of State Law...

"Jurisdiction And Venue"

3.) The Court has Jurisdiction of this Cause of Action and Pursuant to 28 U.S.C § 1331 and 1343 (A) (3) and (4).... Declaratory Relief is Pursuant to 28 U.S.C § 2201 and 2202....

4.) Venue Is Proper in The Central District of Illinois under 28 U.S.C § 1391 (B) Because at least one of the Defendants Resides in the District and a substantial Part of the events omissions giving rise to Plaintiff's claim occurred in the District and all The Defendants resides in The State of Illinois.

"Exhaustion of Remedy"

5.) On July 20, 2014 Plaintiff filed an emergency grievance Directly to Defendant Pfister, Pertaining To the Facts being alleged and in Accordance with 20 Ill. Adm. Code § 504.840 Emergency Grievance Procedure... See (Ex.        ) Grievance.

6.) On July 28, 2014 Defendant Pfister denied my Emergency Grievance Pertaining To The Facts being alleged. See Grievance (Ex.        )

7.) On August 4, 2014 Plaintiff filed his grievance with his assigned counselor; who told Plaintiff A medical issue must be forwarded to Grievance to the Grievance officer'. In which Plaintiff did so.... See (Ex        )

8.) On Sept 30, 2014 The Grievance officer had made an recommendation Plaintiff Grievance be considered Moot at this Juncture based on The response of Facility H.C.U. Administrator to The Issue..... See (Ex        )

4|

9.) On October 7, 2014, Defendant Pfister had concurred with the recommendation of The Grievance Officer And on October 7, 2014, Plaintiff Appealed the Warden Decision to the Administration Review Board and In Accordance with 20. Ill. Adm. Code § 504.850 ..... See (Ex          )

10) On August 14, 2015 Plaintiff filed another emergency Grievance directly to Defendant Pfister, Pertaining to the Facts being Alleged: Defendant Pfister, Failed to respond to Plaintiff's Emergency Grievance ..... See (Ex          )

21.) On 9/18/2014 & 10/12/2014 Plaintiff submitted several other Emergency Grievances Directly to Defendant Pfister, Pertaining to Facts being alleged and Internal Affairs, counselor and Grievance officer claims to never receive grievances.

22.) On January 9, 2015 Plaintiff wrote a letter to the ARB Acquiring about the status of my Appeal Grievance; which to Date of filing this complaint, still no response to my Appeal grievance or letter request. See (Ex          )

23.) On September 3, 2015 plaintiff wrote a letter to The Defendant Pfister Acquiring about the status of His 8/14/2015 Emergency Grievance Pertaining to the Facts being alleged. No response from Warden Pfister. See (Ex          )

24.) Plaintiff had wrote several other letters to Defendant Pfister acquiring about several other Emergency Grievances filed directly to him; Again no response to Plaintiff's grievance or letters. (See Ex          )

25.) In Any event, Defendants Assert Affirmative Defense: of Failure to Exhaust Administrative Remedy, That Are pertaining To The Facts alleged: Plaintiff Have filed grievances ____ Pertaining to the Facts alleged and went through the Proper Grievance Procedure As outlined in 20 Ill. Adm. Code § 504.810 (A), 504.840, And 504.850; And The Department officials Have Failed to Respond And Due to the Customs Practices of Prison ____ Officials not responding or Addressing Appeal Grievances or Emergency Grievances; Thus, Preventing Plaintiff From Exhaustion of His Administrative Remedy making The Grievance Procedures unavailable to the Plaintiff

5)

Allegation Of Facts:

A. Defendants; Wexford, Dr. Tilden, Dr. Shicker, Dr. Ojelade, EMT. Bickles, R.N. Jane Doe, Warden Pfister, Major Prentice, Lieutenant Whitecotton, C.O. Mrocek and Director Godinez Have Acted with Deliberate Indifference To Plaintiff serious Medical Needs.

26.) On June 16th 2014, Plaintiff Had made it very clear to R.N Jane Doe that I was having severe pain and that the pain had gotten worse. I told Defendant Jane Doe (Nurse) of the dizziness, bleeding, Headache and etc. I asked could I see The Doctor or a specialist. Plaintiff was very persistent with Defendant Jane Doe, Only to be told that the cream will help the problem and that everything I was going through "was absolutely" normal. Plaintiff made it clear that the cream was already given to him at previous institution as well as "Tucks" and nothing was working. Defendant then told plaintiff to just "deal" with it. Defendant was aware of the pain and chose to persist in an easy but neffective course of treatment. No reasonable medical personell will assume that dizziness, rectum bleeding, Difficult breathing and etc. is normal for any condition. See (Ex         ). A week later I gave Defendant Jane Doe a Request slip asking to be seen by a doctor, because I was Feeling weaker. A few days later I saw Defendant and asked did she turn my slip in and she said no because I was Fine and did not need to see a doctor. Defendant never evaluated my situation in the appropriate manner to determine the severity of my situation.

Defendant Pfister
27.) On July 20, 2014 Plaintiff Filed a grievance (Emergency Grievance) concerning medical issue, warden Pfister concurred and deemed grievance as a non-emergency situation. I wrote several letters to Warden concerning the severity of medical situation only to be ignored. Defendant chose to ignore letters, complaints & grievances that was wrote. Plaintiff's mother called Warden Pfister only to be told that I (~~~~~) Plaintiff will get the appropriate treatment. Defendant failed to really look into my claim, nobody never asked if I was examined in any way concerning my Pain.

28.) Defendant, Wexford Health Services, Inc. Plaintiff made several complaints to Defendant about medical issues and Services that Plaintiff was not receiving. Defendant failed to reply or acknowledge complaint in any fashion. It is Defendant duty to oversee all medical personel and see that all proper treatment is given to all inmates. Defendant was very clear of medical issues plaintiff had and failed to do nothing.

6)

29.) Defendant, Dr. Louis Shicker has overall responsibility to provide Health care to all prisoners, He is the medical director and had first hand knowledge of severe medical condition and failed to have me examined, sent to specialist or respond to my grievances in the appropriate manner.

30.) S.A. Godinez (Defendant) Has overall responsibility for the Administration of Correctional Facilities in the State. He failed to act reasonably to plaintiff medical concerns, by not responding to plaintiff's request for a examination. Defendant had first hand knowledge of the treatment that Plaintiff received and Defendant did not hold anyone responsible to ensure that Plaintiff received proper medical treatment.

31.) Defendant Dr. Ojelade M.D. failed to properly treat Plaintiff's condition, despite the medical request, letters and life threatening symptoms. Defendant knew of the life-threatening symptoms and failed to give Plaintiff an examination of any sorts (see medical records) Defendant examined plaintiff once his blood count was at 2 and Plaintiff had to be rushed to an outside facility, only then did Defendant realize that Plaintiff had internal bleeding. Defendant knew of all the complaints, letter and severity of my condition and failed to give plaintiff appropriate treatment, which resulted in Plaintiff's safety and life being put at risk. No reasonable Doctor would think that a person with Hemmorhoids, should be vomiting, dizziness, Migraine Headache, weight loss, sweating profusely and etc. Is normal. Defendant failed to give Plaintiff reasonable treatment despite grievances, medical request and life-threatening conditions, which resulted in Plaintiff suffering for a year.

32.) Defendant Dr. Tilden, Is The medical Director of Pontiac, He oversees the Health Care Unit at Pontiac, which He oversees The medical treatment of prisoners. Defendant had first hand knowledge of Plaintiff's condition (see medical records) and despite all the life threatening signs, Defendant ignored Plaintiff's request for further treatment. Which resulted in Plaintiff being rushed to outside facility. No reasonable person in the medical field would assume that Plaintiff was being treated with dignity and proper care. Defendant intentionally ignored Plaintiff's complaint by providing the bare minimum of treatment, although Defendant knew it was ineffective, Due To Plaintiff's complaints, sick-calls and letters, which resulted in life-threatening conditions on Plaintiff.

7)

- The Above Defendants were aware of The Following complaints, As Follows: 1) Bleeding Out of Rectum 2) Dizziness 3.) Severe Pain whenever Plaintiff stands or sits 4.) Migraine Headaches 5) Blackouts 6.) Severe Weight loss 7.) Digestive Disorder 8.) Severe Fatigue 9.) Vomiting Blood 10.) Defecating Blood Profusely 11.) Difficulty Breathing 12.) Sweating Profusely 13) Severe (Chronic) Hemmorhoids 14.) Severe Pain & Suffering.

"Additional Complaints"

3) Defendant Bickles (CMT) On June 3rd, 2015. Defendant was stopped by yelling Inmates And Told to come to Plaintiff's cell, Upon arriving at the Plaintiff's cell. Defendant asked Plaintiff what is wrong. Plaintiff Told Defendant to look in The Toilet and That He Feels like He's about To Die and His Body Is Weak. Defendant replied That He wanted Plaintiff To stand up, Plaintiff said He needs a doctor, He cannot stand up due to his weakness. Plaintiff then replied that he does not care and Plaintiff does not stand up He'll Let him Die. Plaintiff said I need Help and Defendant instantly walked off in Frustration. See (Ex     ) Grievance. No reasonable medical employee would have walked off with a person laying on The Floor with blood coming out his rectum and Blood in The Toilet.

54. Defendant Mrocek (Correctional Officer) On June 3rd 2015. Defendant was stopped by yelling Inmates and told to come to Plaintiff's Door. Plaintiff to Defendant that I need to see a doctor because I Feel like I'm about to die, Defendant stood as Plaintiff told him of his bleeding from the Rectum, blood in the toilet and etc. and then he (Defendant) walked off. Defendant did not report my condition. see (Ex     ) grievance.

55. Defendant Major Prentice. On June 3rd, 2015. Defendant was on 5 gallery in the North at Pontiac and she was stopped by inmates and told to come to Plaintiff's cell, Defendant asked what's the Problem, and Plaintiff told her he has a very bad headache, defecating blood, Passing out and etc. Plaintiff told Defendant that he passed out and was too weak to move, Defendant then asked did He turn in a sick call. Plaintiff said yes but it takes too long, Defendant then said "Well that's what you get for coming to A.D." And if Med Tech did not help you, what can I do? She witnessed The Blood in The toilet and me laying on the Floor Then Defendant walked away. She did not call for help of any sort. (See Ex     ) Grievance

8)

36.)
Defendant Lieutenant Whitecotton - On June 3rd 2015, Defendant Whitecotton came to Plaintiff's cell with major Prentice, I made my complaint very clear to him about the Blood in the toilet and me passing out, In addition to my other symptoms. Defendant smirked and told me to put in a "sick-call, And I'm not calling Med Tech. I said (Plaintiff) that I'm too weak and Defendant said "Good-Luck" and walked off.

9)

## Litigation History

The "The Strikes Rules" bars a prisoner from bringing a civil action or appeal In Forma Pauperis in Federal court if that prisoner has "on 3 or more occasions, while Incarcerated or detained in any facility, brought an action or appeal in a court of The United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C § 1915 (g).

A. Have you brought any other lawsuits in State or Federal court dealing with the same facts involved in this case? Yes ☐  No ☐

If yes, please describe _____

B. Have you brought any other lawsuits in Federal court while incarcerated?
Yes ☐   No ☐

C. If your answer to B. is yes, how many? _____ Describe the lawsuits below.

1. Name of Case, Court and Docket Number
2. Basic claim made
3. Disposition (That is, how did the case end? Was The case dismissed? Was it appealed? Is it still Pending?)

For additional cases, provide the above information in the same format on a seperate page.

[10]

## Exhaustion Of Administrative Remedies

Prisoners must exhaust available administrative remedies before filing an action in Federal Court about prison conditions. 42 U.S.C. § 1997 e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the Court in understanding your claim.

A. Is there a grievance procedure available at your institution? Yes ☒   No ☐

B. Have you filed a grievance concerning facts relevant to this complaint? Yes ☒   No ☐

If your answer is no, explain why not. _____
_____

C. Is the Grievance Process Completed? Yes ☐   No ☒

Plaintiff have tried multiple times to complete the grievance process and exhaust all administrative remedies, See Exhibits.

(H)

"Exhaust Remedy Exhibits"

Exhibit — On July 20, 2014 Plaintiff filed an Emergency Grievance Directly to Defendant Pfister, Pertaining to the Facts being alleged and in Accordance with 20. Ill. ADM. Code § 504.840 Emergency Grievance Procedure....

Exhibit — On July 28, 2014, Defendant Pfister denied Plaintiff's Emergency Grievance Pertaining to the Facts being alleged.

Exhibit — On January 9, 2015 Plaintiff wrote letter To Administrative Review Board acquiring about the status of his grievance, which was never responded to.

Exhibit — On January 11th, 2015 is a memorandum concerning Plaintiff's complaint to medical Staff concerning Plaintiff's medical issue.

Exhibit — On July 24, 2015 Plaintiff wrote grievance concerning how his grievances was being processed, To address how his due process was being violated, because of The Delays and roadblocks to exhaust Plaintiff's remedies.

Exhibit — On August 6, 2015 Plaintiff filed Grievance concerning how his Grievances and other material was coming up missing and Plaintiff requested that "All" Legal mail goes straight to Law Library. NOTICE: signature on bottom of Page, which is from officer of the gallery. All mail is signed before going into the Box.

Exhibit — On August 14, 2015 Plaintiff filed a Grievance in regards to his medical situation, Only to be avoided.

Exhibit — Plaintiff wrote letter to Defendant Pfister concerning his current Grievance 8-14-2015 only to be avoided.

12)

- Exibit  Plaintiff sent Defender Pfister another Grievance and no response was returned.

- 37.) In any event, Defendants Asserts Affirmative Defenses, of Failure to Exhaust Administrative Remedies; That are pertaining to the Facts alleged, And went through The Proper Grievance Procedure As outlined in 20. Ill. Adm. Code § 504.810 (A), 504.840 And 504.850; And The Department officials Have Failed to Respond and Due To Customs Practices of Prison ____ officials not responding or Addressing Appeals Grievances or emergency Grievances. Thus, Preventing Plaintiff From Exhaustion of Administrative Remedies making the Procedure of filing a Grievance Unavailable. See Exibits.

United States District Court

For The

Central District of Illinois

Plaintiff   Robert Bunch R69138

V.                                                          Case No. 16-CV-1343

Defendants   S.A Godinez and others.


Motion For Service of Process

At Government Expense


Plaintiff, Robert Bunch, Moves Pursuant To Federal Rule of Civil Procedure 4(c)(3), For The Court To Order That Service of Process Be made By a United States Marshall or Deputy Marshall or By a Person Specially Appointed By The Court. The Full Name and Address of The Defendants Are Identified In The Complaint.


Date: 11/3/16                                   Signature _____

                                                Printed Name Robert Bunch