E-FILED
Friday, 01 February, 2019  04:22:15 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT BUNCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 16-1343-CSB |
| | ) |
| | ) |
| S.A. GODINEZ, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court on Defendants Andrew Tilden and Riliwan Ojelade's motion for summary judgment.  As explained more fully below, Dr. Tilden and PA Ojelade are entitled to the summary judgment that they seek because Plaintiff Robert Bunch has failed to identify a genuine issue of material fact that would preclude summary judgment in Defendants' favor and because Defendants have demonstrated that they are entitled to judgment as a matter of law.

### I.
### MATERIAL FACTS

Plaintiff Robert Bunch is an inmate within the Illinois Department of Corrections ("IDOC").  During the relevant time, Bunch was housed at the IDOC's Pontiac Correctional Center ("Pontiac").  Defendant Dr. Andrew Tilden is a physician who is licensed to practice medicine in the State of Illinois and who, during the relevant time, was the medical director at Pontiac.  Defendant Riliwan Ojelade is a physician's assistant who is licensed to practice in the State of Illinois and who worked at Pontiac.

1

Bunch's medical records reveal that he has suffered from external hemorrhoids and constipation for years.  On July 16, 2014, Bunch complained to a nurse at Pontiac during sick call that he suffered from hemorrhoids with some bleeding in his stool.  The nurse gave Bunch hemorrhoid cream but did not refer him to see a doctor.

On November 6, 2014, Bunch again complained to the medical staff at Pontiac about his hemorrhoids and requested a renewal of his hemorrhoid cream.  This time, Dr. Tilden—for the first time—examined Bunch.  Based upon this examination, Dr. Tilden determined that Bunch had external hemorrhoids and prescribed Fiberlax, one tablet by mouth in the morning, and Tucks medicated cooling pads for use at night.  Dr. Tilden prescribed Fiberlax to reduce constipation and straining during bowel movements.[1]  Dr. Tilden prescribed the Tucks medicated pads to help relieve itching, burning, and the discomfort associated with hemorrhoids.  During his examination, Bunch indicated no symptoms of any internal bleeding, and his vital signs were within normal limits.

PA Ojelade first examined Bunch on June 3, 2015.  On that date, Bunch presented himself to PA Ojelade complaining of bloody stool.  Bunch also informed PA Ojelade that he had vomited three times since June 2, 2015, and that he was dizzy, feverish, and weak.  PA Ojelade conducted a digital rectal exam of Bunch and noted no perianal lesions.  PA Ojelade diagnosed Bunch as having hematochezia and dehydration.  In order to ensure that Bunch had no significant blood loss or any other serious medical

---

[1]  Repeated straining while having bowel movements can aggravate and cause hemorrhoids.

condition, PA Ojelade ordered a complete blood count and a comprehensive medical

panel be completed on Bunch.  PA Ojelade also prescribed medication for Bunch's

condition and ordered that he remain in the health care unit until PA Ojelade received

Bunch's lab results.

Bunch's lab results indicated that he had a low hemoglobin level.  Accordingly,

PA Ojelade sent Bunch to a local hospital that same day for a blood transfusion.  Later

that same day, Bunch was transferred to the University of Illinois Chicago hospital

where Bunch received a colonoscopy.  Bunch's colonoscopy revealed that he had large,

internal hemorrhoids and an anal fissure that was the source of his hematochezia.

On June 8, 2015, medical professionals at the University of Illinois Chicago

hospital performed sclerotherapy on Bunch.  On June 10, 2015, medical professionals at

the University of Illinois Chicago hospital performed a Ferguson closed

hemorrhoidectomy on Bunch.  Bunch was discharged from the University of Illinois

Chicago hospital on June 13, 2015, and returned to Pontiac.  Bunch received follow-up

care and medication as ordered by the medical professionals at the University of Illinois

Chicago hospital.  Bunch was transferred to the Stateville Correctional Center on

November 6, 2015.  Bunch did not seek any additional treatment for his hemorrhoids

after his surgery while at Pontiac other than the follow-up treatment prescribed by the

medical professionals at the University of Illinois Chicago hospital.

On September 12, 2016, Bunch filed this suit under 42 U.S.C. § 1983 alleging that

the named Defendants violated his Constitutional rights.  Thereafter, the Court

conducted a merit review of Bunch's Complaint and found that his Complaint stated a

claim for deliberate indifference to his serious medical needs in violation of his Eighth

Amendment rights.  Dr. Tilden and PA Ojelade have now moved for summary

judgment on Bunch's claim against them.[2]

## II.
### STANDARDS GOVERNING SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be

granted if the movant shows that there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Ruiz-Rivera v.*

*Moyer*, 70 F.3d 498, 500-01 (7th Cir. 1995).  The moving party has the burden of providing

proper documentary evidence to show the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Once the moving party has met its

burden, the opposing party must come forward with specific evidence, not mere

allegations or denials of the pleadings, which demonstrates that there is a genuine issue

for trial. *Gracia v. Volvo Europa Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997).  "[A] party

moving for summary judgment can prevail just by showing that the other party has no

evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco*

*Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993).  "As with any summary

judgment motion, we review cross-motions for summary judgment construing all facts,

and drawing all reasonable inferences from those facts, in favor of the nonmoving

---

[2] The Court terminated all of the other named Defendants either in its Merit Review
Order or in its Order granting summary judgment based upon Bunch's failure to
exhaust his administrative remedies.

party." *Laskin v. Siegel*, 728 F.3d 7314, 734 (7th Cir. 2013)(internal quotation marks

omitted).

Accordingly, the non-movant cannot rest on the pleadings alone, but must

designate specific facts in affidavits, depositions, answers to interrogatories or

admissions that establish that there is a genuine triable issue; he must do more than

simply show that there is some metaphysical doubt as to the material fact. *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 261 (Brennan, J., dissenting) (1986)(quoting *Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax,*

*Inc.*, 191 F.3d 813, 818 (7th Cir. 1999).  Finally, a scintilla of evidence in support of the

non-movant's position is not sufficient to oppose successfully a summary judgment

motion; "there must be evidence on which the jury could reasonably find for the [non-

movant]." *Anderson*, 477 U.S. at 252.

### III.
### DEFENDANTS DID NOT ACT WITH DELIBERATE INDIFFERENCE TOWARDS PLAINTIFF'S SERIOUS MEDICAL NEED

The deliberate indifference standard requires a plaintiff to clear a high threshold

in order to maintain a Constitutional claim. *Dunigan ex rel. Nyman v. Winnebago County*,

165 F.3d 587, 590 (7th Cir. 1999).  "In order to prevail on a deliberate indifference claim, a

plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2)

that the . . . officials acted with a sufficiently culpable state of mind." *Lee v. Young*, 533

F.3d 505, 509 (7th Cir. 2008)(quoting *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005));

*Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)(same).

"A medical condition is serious if it 'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Lee*, 533 F.3d at 509 (quoting *Greeno*, 414 F.3d at 653). "With respect to the culpable state of mind, negligence or even gross negligence is not enough; the conduct must be reckless in the criminal sense." *Id.*; *Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994)("We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.").

"Deliberate indifference is not medical malpractice; the [Constitution] does not codify common law torts. And although deliberate means more than negligent, it is something less than purposeful. The point between these two poles lies where the official knows of and disregards an excessive risk to inmate health or safety or where the official is both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he . . . draws the inference." *Duckworth*, 532 F.3d at 679 (internal quotations and citations omitted). The Seventh Circuit has cautioned, however, that a plaintiff "need not prove that the . . . officials intended, hoped for, or desired the harm that transpired. Nor does a [plaintiff] need to show that he was literally ignored. That the [plaintiff] received some treatment does not foreclose his deliberate indifference claim if the treatment received was so blatantly inappropriate

6

as to evidence intentional mistreatment likely to seriously aggravate his condition."
*Arnett*, 658 F.3d at 751 (internal citations and quotations omitted).

Bunch testified during his deposition that he sued PA Ojelade because PA Ojelade could have examined him sooner, and had PA Ojelade done so, Bunch would not have experienced the medical trauma that he did. However, the undisputed evidence shows that PA Ojelade examined Bunch only once. After that examination, PA Ojelade sent Bunch to the local hospital, and thereafter, Bunch received the surgery necessary to treat his hemorrhoids. There is simply no way that PA Ojelade's treatment of Bunch's condition could be considered indifferent under any standard. Indeed, Bunch acknowledged that his medical treatment after his surgery was appropriate. Bunch received surgery because of PA Ojelade's diagnosis and treatment. And, to say that PA Ojelade should have treated his condition sooner when June 3, 2015 was the first time that PA Ojelade ever examined Bunch is not supported by law or reason. Accordingly, PA Ojelade is entitled to summary judgment.

Likewise, Dr. Tilden is entitled to summary judgment on Bunch's deliberate indifference claim against him. Bunch's claim against Dr. Tilden is slightly different from his claim against PA Ojelade in two respects. *First*, Dr. Tilden saw Bunch in November 2014 but did not reach the same diagnosis or conclusion as PA Ojelade did in June 2015. Bunch argues that Dr. Tilden's failure to diagnose and to treat his condition properly shows Dr. Tilden's deliberate indifference. *Second*, Bunch contends that the delay in his treatment and surgery was a direct result of Dr. Tilden's improper diagnosis and that this delay constituted deliberate indifference.

7

However, Bunch has offered no evidence that he was experiencing a medical emergency or that he had a condition that required surgery in November 2014. In fact, Dr. Tilden had no concerns as to Bunch's condition because his examination of Bunch revealed no signs that Bunch was experiencing any internal bleeding or other any other significant medical condition. Dr. Tilden's opinion that Bunch did not need any type of emergency medical treatment in November 2014 is supported by the fact that Bunch saw medical personnel in January 2015 in order to receive a renewal of his medications that Dr. Tilden had prescribed to him, but Bunch made no new or additional complaints of any complications regarding his hemorrhoids or Dr. Tilden's treatment of his hemorrhoids to the medical staff during this visit.

In other words, Bunch has offered no evidence that Dr. Tilden was aware of his need for surgery or emergency medical services and that he disregarded that need in November 2014. Instead, the undisputed evidence shows that Dr. Tilden provided reasonable treatment to Bunch and that Dr. Tilden's treatment was sufficient to treat Bunch's condition for over six months. Because Dr. Tilden was unaware of any need for additional treatment to Bunch and because Dr. Tilden exercised his professional judgment in providing the medical treatment to Bunch, Dr. Tilden did not violate Bunch's Eighth Amendment rights in this case because he did not display any deliberate indifference to Bunch's serious medical needs.

As for Bunch's delay claim, that claim requires a slightly different analysis.  The

Seventh Circuit has held:

> In cases where prison officials delayed rather than denied medical
> assistance to an inmate, courts have required the plaintiff to offer
> "verifying medical evidence" that the delay (rather than the inmate's
> underlying condition) caused some degree of harm.  That is, a plaintiff
> must offer medical evidence that tends to confirm or corroborate a claim
> that the delay was detrimental.

*Williams v. Liefer*, 491 F.3d 710, 714-15 (7th Cir. 2007)(internal citations omitted); *See also*, *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010)("A significant delay in effective medical treatment also may support a claim of deliberate indifference, especially where the result is prolonged and unnecessary pain.").

In the instant case, there is no evidence in the record to show that Dr. Tilden's

delay or failure to recommend surgery caused Bunch to suffer any degree of harm.

Bunch offers no verifying medical evidence to show that his condition worsened as a

direct result of Dr. Tilden's failure to send Bunch for surgery in November 2014.

Moreover, Bunch cannot claim that he suffered needless pain and suffering for

six months due to Dr. Tilden's inaction because Bunch saw a medical professional at

Pontiac in January 2015, and Bunch made no new or additional complaints about his

hemorrhoids and displayed no new symptoms to indicate that he was in need of

emergency medical attention.  Accordingly, Dr. Tilden is entitled to summary

judgment.

**IT IS, THEREFORE, ORDERED:**

1.      **Defendants' motion for summary judgment [66] is GRANTED.  The
Clerk of the Court is directed to enter judgment in Defendants' favor and against**

Plaintiff.  All other pending motions are denied as moot, and this case is terminated

with the Parties to bear their own costs.  All deadlines and settings on the Court's

calendar are vacated.

2.      If Plaintiff wishes to appeal this judgment, he must file a notice of

appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App.

P. 4(a)(4).

3.      If Plaintiff wishes to proceed *in forma pauperis* on appeal, his motion

for leave to appeal *in forma pauperis* must identify the issues that he will present on

appeal to assist the Court in determining whether the appeal is taken in good faith.

Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an

appellant should be given an opportunity to submit a statement of his grounds for

appealing so that the district judge "can make a responsible assessment of the issue

of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a

good faith appeal is an appeal that "a reasonable person could suppose . . . has some

merit" from a legal perspective).  If Plaintiff chooses to appeal, he will be liable for

the $505.00 appellate filing fee regardless of the outcome of the appeal.


ENTERED this 1st day of February, 2019:


                              s/ Colin S. Bruce
                              COLIN S. BRUCE
                       UNITED STATES DISTRICT JUDGE